UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARRY L. MERCER,
        Plaintiff,

        v.

MICHAEL J. ASTRUE,
COMMISSIONER, Social Security
Administration,
        Defendant.

Civil No. 06-1215-HU

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [15] in this action that recommended that the Commissioner's final decision should be affirmed and that this case should be dismissed with prejudice. The court notes that plaintiff asserted no objections to several conclusions presented in the Findings and Recommendation. When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). No clear error appears on the face of the record regarding the conclusions to which no objections have been asserted. The Findings and Recommendation is adopted as to issues regarding plaintiff's credibility, plaintiff's daily activities, and the analysis performed by the Administrative Law Judge (ALJ) regarding Drs. Mitchell and Brett.

1 - OPINION AND ORDER

Plaintiff filed one objection to the Findings and Recommendation regarding the ALJ's analysis of opinions proffered by Dr. Thomas L. Gritzka.  When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The objection was filed in a timely manner.  The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record.  Plaintiff's objections are overruled.

**ANALYSIS**

Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances in this action, and this need not be repeated here.  Plaintiff advances a specific objection asserting that the Findings and Recommendation should be rejected and that the Commissioner should award benefits because of an alleged error regarding the analysis of one medical opinion. Defendant waived the opportunity to provide this court with the benefit of responsive briefing.

Plaintiff's objection arises from the analysis that the ALJ performed of Dr. Gritzka's opinions regarding plaintiff.  Doctor Gritzka, an orthopedist, reviewed Mercer's medical records in March 2006 at the request of plaintiff's counsel, and wrote an opinion regarding plaintiff's condition.  Tr. 369-78.  He also submitted an additional letter in June 2006, after the ALJ's decision, which the Appeals Council considered.  Tr. 9, 372-73.

In his first letter to plaintiff's counsel, dated March 2, 2006, Dr. Gritzka wrote that after examining the Social Security "exhibit file" that plaintiff's counsel sent him, his opinion was that the diagnostic testing records of plaintiff's back were consistent with "longstanding degenerative

disc disease," and that "if [plaintiff's] does not precisely meet listing 1.04, his condition equals it."  Tr. 369-70.

The ALJ rejected Dr. Gritzka's opinions as follows:

> On March 2, 2006, at the request of the claimant's attorney, Dr. Thomas Gritzka, an orthopedic surgeon and non-examining source, reviewed the claimant's medical records and declared the claimant "meets" the requisite criteria for listed impairment 1.04.  (Ex. 12F/pgs. 202-204).  In this circuit, caselaw is well established regarding "fill in blank" documentation: Where the opinion of a physician is brief and consists of conclusions with little or no clinical findings to support the conclusion, it need not be accepted. *Young v. Heckler*, 791 F.2d 963 (9th Cir. 1986). Also disfavored are "check off reports," conclusory statements and physician opinions of disability solicited by counsel which contain no explanation of the bases for conclusions drawn. *Crane v. Shalala*, 76 F.3d 251 (9th Cir. 1996); *Tidwell vs. Apfel*, 161 F. 3d 599 (9th Cir. 1998).  Accordingly, I give *no weight* to the conclusory, non-examining opinion of Dr. Gritzka, finding the opinion is not consistent with or supported by the substantive and medical evidence of record detailed above (Ex. 12F/pgs. 202-204).

Tr. 20 (emphasis in original).

On June 8, 2006, Dr. Gritzka responded to a request from plaintiff's counsel to address the ALJ's decision.  Doctor Gritzka expressed surprise at the ALJ's rejection of his opinion, and concluded that the ALJ "did not read my report; I explained I think very clearly why Mr. Mercer's condition mirrors that which is set forth by listing 1.04."  The doctor declared that his own "clinical examination of Mr. Mercer is unnecessary because the chart notes coupled with the radiographic and imaging studies establish that his condition meets the listing." *Id*.

The Findings and Recommendation concluded that the ALJ appropriately accorded greater weight to the clinical findings of Mercer's treating physician, Dr. Mitchell, and examining physician Dr. Brett than the opinions of Dr. Gritzka:

3 - OPINION AND ORDER

> Dr. Gritzka offers no conclusion establishing disability specific to Mercer.  His opinion is not supported by clinical findings or clinical observations; Dr. Gritzka simply noted that "patients with findings of severe degenerative disc disease often require periods of recumbency on an unpredictable basis because a component of their spine pain is related to the performance of physical activity." Tr. 370.
>
> Contrary to Mercer's submission, Dr. Gritzka does not corroborate a disability finding by Dr. Brett, as Dr. Brett made no such finding. Dr. Gritzka does not contradict Dr. Brett's records, but neither does he contribute observations or findings that are specific to Mercer. For these reasons, the ALJ was justified in rejecting Dr. Gritzka's testimony.

Findings and Recommendation at 10-11 (citation omitted).

Plaintiff objects to this reasoning, contending that Dr. Gritzka did in fact offer a conclusion asserting that plaintiff was disabled, and that his opinion is supported by clinical findings or clinical observations.  Plaintiff argues that Dr. Gritzka's opinion that plaintiff either meets listing 1.04 or "his condition equals it" should be construed as "establishing presumptive disability at step three of the sequential analysis," and that Dr. Gritzka "exhaustively supported" his opinion by referring to "clinical findings and clinical observations of record."  Pls. Objections at 7-8.  Plaintiff also complains that the Findings and Recommendation provides a "rationale" for rejecting Dr. Gritzka's opinion that is "entirely different from" the analysis offered by the ALJ. Pls. Objections at 8.

These arguments are rejected.  The ALJ scrutinized the medical evidence presented in the record concerning plaintiff carefully.  *See* Tr. 17-21.  Contrary to Dr. Gritzka's assumption, the ALJ plainly read and considered the doctor's March 2, 2006, letter to plaintiff's counsel, and acknowledged that the doctor "declared the claimant 'meets' the requisite criteria for listed impairment 1.04." Tr. 20 (citation omitted).  As noted above, however, the ALJ gave "*no weight*

4 - OPINION AND ORDER

to the conclusory, non-examining opinion of Dr. Gritzka," explicitly because the opinion was unsupported and inconsistent with the substantive medical evidence the ALJ had studied and had just reviewed thoroughly in his decision. *Id*. (emphasis in original). The ALJ referred correctly to valid precedent in the Ninth Circuit that pertains to the proper evaluations of opinions from non-examining physicians, and expressed compelling reasoning that the other medical evidence presented in the record was more persuasive. *Id*.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

In concluding that the ALJ was justified in rejecting Dr. Gritzka's opinion, the Findings and Recommendation noted properly that the "ALJ appropriately accorded greater weight to the clinical findings of [plaintiff's] treating physician Dr. Mitchell, and examining physician Dr. Brett." Findings and Recommendation at 10. The Findings and Recommendation further concluded that "Dr. Gritzka does not corroborate a disability finding by Dr. Brett, as Dr. Brett made no such finding . . . ." Findings and Recommendation at 10-11. This is a correct summary

5 - OPINION AND ORDER

of the ALJ's ruling. Plaintiff's complaint that the Findings and Recommendation strayed improperly by *also* concluding that "Dr. Gritzka offers no conclusion establishing disability specific to Mercer," Findings and Recommendation at 10, fails to merit rejecting the Findings and Recommendation or reversing the ALJ's well-supported ruling.

## **CONCLUSION**

Plaintiff's Objections [19] have been considered fully and this court has made a *de novo* determination of the challenged portion of the Magistrate Judge's Findings and Recommendation. The court has also given the entire file of this case a *de novo* review. Plaintiff's objections are overruled and the Findings and Recommendation [15] is adopted. This court concludes that the decision of the Commissioner must be affirmed.

IT IS SO ORDERED.

Dated this  15  day of November, 2007.

                                             /s/   Ancer L. Haggerty
                                                    Ancer L. Haggerty
                                             United States District Judge